FILED
SUPERIOR COURT
OF GUAM

2010 APR -4 PM 12: 02.

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| VERNA M. SANTIAGO, | ) Child Support Case No. CS0038-17 |
| Plaintiff, | ) |
| vs. | ) |
| | ) RECOMMENDED FINDINGS AND |
| | ) ORDER |
| CHRISTOPHER D. MANIBUSAN, | ) |
| Defendant. | ) |

## INTRODUCTION

This case is before the Hearing Division of the Superior Court of Guam on the motion of the Defendant for a Deviation from the Child Support Guidelines.

Plaintiff Verna and defendant Christopher entered into an Interlocutory Judgment of Divorce on December 20, 2016 in DM0625-16. This was an uncontested divorce. The "Divorce and Property Settlement Agreement" filed on the date the case was filed provided for calculation of child support under the Guam Child Support Guidelines.

Paragraph 5 on page 4 of the Divorce and Property Settlement Agreement of December 20, 2016 is entitled "Child Support." It states, "The parties agree that child support shall be established in accordance with the Guam Child Support Guidelines for the support and maintenance of the parties['] minor child. The parties further agree that the Defendant shall be

responsible for any and all expenses relating to the minor child's private school tuition and costs."

Pursuant to this provision, the Attorney General of Guam's Child Support Enforcement Division (hereinafter "CSED") filed a Complaint for Child Support in favor of the custodial parent, Verna, on February 23, 2017, but the case was not called until May 10, 2017, at which time the attorney for CSED reported that were "working on" a stipulation to agree on the child support amount. *See* Minutes, CS0038-17, May 10, 2017. The attorney for CSED appeared again in July of 2017, this time with the Plaintiff Verna, and reported again that there was likely to be a stipulation. *See* Minutes, CS0038-17, July 12, 2017. No stipulation was ever presented.

Prior to the next hearing on August 16, 2017, CSED presented a Child Support Worksheet establishing Christopher's child support obligation at $592.07 per month, and a projected Statement of Retroactive Child Support of $4,736.56 based on Christopher's presumed obligation of $592.07 per month back to the date of divorce -- December of 2016. Christopher objected to this amount because he claimed that he also had to pay for tuition for the child to go to private school as memorialized in the parties' "Divorce and Property Settlement Agreement." Christopher also objected to this amount because he agreed to pay some debts of the divorce.

In August, the parties were told that the guidelines as applied to the parties' salaries supported a child support award of $592.07. Since the law requires the court to follow the Guam Child Support Guidelines, any other obligation would be considered a Deviation from the Guidelines. Intending to reduce his child support, Christopher then made an oral motion for a Deviation from the Guam Child Support Guidelines. He was given extra time to complete his

Deviation Application and asked to return to court on September 6, 2017. At the August hearing, however, a temporary child support amount of $300.00 was set by the Hearing Officer.

At the September 6, 2017 hearing, Christopher asked for a little more time. The attorney for CSED agreed to review the Deviation papers with Defendant, and a continued hearing date of November 8, 2017 was set.

At the November 8, 2017 hearing, Christopher submitted his "Financial Declaration" in support of a Deviation. The matter was discussed. Christopher submitted his pay stubs so the court re-examined the numbers submitted in the "Financial Declaration." The Defendant's gross monthly income was supposed to be $4,166.67 a month rather than the $3,846.16 per month, because $3,846.16 reflected bi-weekly income rather than monthly income. Therefore, all agreed that the "Financial Declaration" must start with monthly income of $4,166.67, with appropriate deductions taken from that figure.

The Plaintiff, Verna, was asked if she would like to take time to submit a position on Christopher's request for lower child support. The attorney for CSED was notified that he was at liberty to submit an objection in writing to the Deviation on behalf of either Verna or of the CSED Office. Verna and CSED were given until December 7, 2017 to file an Opposition to the Deviation. Defendant Christopher was permitted another thirty days to reply to their oppositions, if any. Defendant's Reply was due on January 4, 2018.

Neither Verna nor CSED filed an Opposition to the Deviation. Since the August 2017 hearing, Christopher has been under an order to pay the temporary $300.00 per month.

//

//

//

## DISCUSSION

The Guam Child Support Guidelines provide that Child Support is calculated pursuant to 19 GAR §1203. Section 1203 (e) addresses private school educational expenses:

> (e) To the basic obligation any of the following may be added:
> (2) Education expenses: Any reasonable and necessary expenses for attending private or special schools or necessary expenses to meet particular educational needs of a child when such expenses are incurred by agreement of both parents or by order of the court.

From the Divorce and Property Settlement, it is clear that both parties agreed that the child would receive a private school education: "The parties further agree that the Defendant shall be responsible for any and all expenses relating to the minor child's private school tuition and costs." Defendant's Financial Declaration indicates that private school tuition for their daughter costs $440 per month. See "Personal Expenses" of Defendant, "BBMCS Tuition & Registration." Therefore, he is paying an extra $440 on top of his child support obligations.

Normally, when the parties agree – as they did here – with private school tuition, that extra cost is built into the child support obligations. 19 GAR §1203(e). In this case, the attorney for CSED did not figure in the $440.00 per month into the child support obligations due to Christopher's pre-existing obligation to pay tuition. If the $440.00 were figured into the worksheet amount, the child support would go up for Christopher to $860.47 and for Verna to $550.14. In other words, if private school tuition was treated as dictated by the Guidelines, Defendant would not pay $440.00 more per month for child support, but would pay only additional $268.40 in child support per month. Christopher's assumption of the extra cost of private school tuition outside Guideline calculations is costing him an extra $171.60 per month. If Christopher insisted that his payment of BBMCS tuition of $440.00 were added into the

guideline calculation presented by CSE – which is how the Guidelines usually figure them -- Christopher would save $171.60.

At the August and November hearings, Christopher also stated that he may have assumed a disproportionate percentage of marital debts, thus justifying a lower child support. However, a property distribution between married persons is not a factor that is taken into account in addressing child support Guideline calculations. See 19 GAR §§1203-1204.

The temporary guideline amount of $300.00 was set at the August 2017 hearing as a rough temporary solution adopted before any of the parties could examine the respective financial situations. Since then, both Verna and CSED had the opportunity to file an objection to Christopher's request for a Deviation from the Guidelines and declined to do so. In his financial information, Defendant does not propose a monthly child support. Therefore, it is up to the court to fashion a fair child support considering the parties' financial situations.

Since the "Divorce and Property Settlement Agreement" requires that Christopher pay the private school tuition **outside** of the child support calculation, his total expenditure for Verna and Christopher's daughter is $171.60 higher than if it were included in the child support calculations. No objection appearing from the other parties, the court finds that Christopher should receive a Deviation from the Guam Child Support Guidelines in the amount of $171.60 per month because he is paying $440.00 in tuition. Therefore, Christopher's total child support, previously calculated at $592.07, will be reduced in the amount of $171.60 per month. Christopher's monthly child support obligation is $420.47 per month.

## CONCLUSION

Defendant's Motion for Deviation is GRANTED in the amount of $171.60 per month.

The Defendant made the motion for a deviation in August of 2017, but was not prepared to file his paperwork on that date. However, his child support Deviation is permitted to go back to the date on which he made the motion. Therefore, from August 2016 to present, the Defendant's child support obligation is adjudicated at $420.47 per month. From December 2016 to August 2017, the temporary order of $300.00 will apply. CSED is directed to adjust Defendant's Wage Assignment accordingly, and to file appropriate paperwork to adjudicate arrears in this case.

SO ORDERED this 4 day of April, 2018.

_____
**B. ANN KEITH**
**Administrative Hearing Officer**
**Superior Court of Guam**

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

_____
Date: 4-4    Time: 1PM
_____
Deputy Clerk. Superior Court of Guam